# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY 1997 SESSION

FILED

February 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,      )
                                     )   NO. 03C01-9604-CC-00149

Appellee,           )
                                     )   UNICOI COUNTY

VS.                            )
                                     )   HON. ARDEN L. HILL,

BENJAMIN D. CRAIN,      )   JUDGE
                                     )

Appellant.          )   (Driving While Impaired -
                                     )    Constitutionality)

**FOR THE APPELLANT:**

**DAVID F. BAUTISTA**
District Public Defender

**STEVE F. McEWEN**
Assistant Public Defender
142 East Market
P. O. Box 996
Johnson City, TN  37605-0996

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**WILLIAM DAVID BRIDGERS**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**DAVID E. CROCKETT**
District Attorney General

**LISA D. NIDIFFER**
Assistant District Attorney General
Unicoi County Courthouse
Erwin, TN  37650

**OPINION FILED:** _____

**AFFIRMED AS MODIFIED**

**JERRY L. SMITH,**
**JUDGE**

## O P I N I O N

Defendant, Benjamin D. Crain, pled guilty to driving while impaired and reserved for appellate purposes the issue of whether the driving while impaired statute is unconstitutional. We find the statute to be constitutional.

## PROCEDURAL HISTORY

Defendant, age 19, was involved in an automobile accident. Upon being taken to a hospital for a blood analysis, he registered .08% blood alcohol content.

After being indicted for the offense of driving while impaired pursuant to Tenn. Code Ann. § 55-10-415, defendant moved to dismiss the indictment alleging the unconstitutionality of the statute. Upon the motion to dismiss being overruled by the trial court, defendant then entered a plea of guilty and was fined $250, received a license revocation for one (1) year and was ordered to complete 20 hours of public service work. With the consent of the trial court and state, defendant reserved the right to appeal the constitutionality issue as a certified question of law that is dispositive of the case. *See* Tenn. R. Crim. P. 37(b)(2)(i).

## EQUAL PROTECTION

The sole issue presented in this appeal is whether the driving while impaired statute, Tenn. Code Ann. § 55-10-415, violates the defendant's equal protection rights under the United States Constitution and the Tennessee Constitution. More specifically, the defendant argues that subjecting adults ages 18 to 21 to sanctions based upon .02% blood alcohol content while not subjecting adults ages 21 and older to the same sanctions violates his rights to equal protection.

Both the United States Constitution and the Tennessee Constitution guarantee to citizens the same basic right to equal protection of the laws. Brown v. Campbell County Bd. of Educ., 915 S.W.2d 407, 412-413 (Tenn. 1995), *cert. denied*, 116 S.Ct. 1852 (1996). The concept of equal protection under both

2

Constitutions guarantees that "all persons similarly circumstanced shall be treated alike." Tennessee Small School Systems v. McWherter, 851 S.W.2d 139, 153 (Tenn. 1993) (quoting F. S. Royster Guano Co. v. Commonwealth of Virginia, 253 U.S. 412, 415 (1920).

Tennessee has consistently followed the framework developed by the United States Supreme Court, which applies one of three standards of scrutiny: 1) strict scrutiny, 2) heightened scrutiny, and 3) reduced scrutiny or the rational basis test. Riggs v. Burson, 941 S.W.2d 44, 52 (Tenn. 1997). Strict scrutiny analysis is required when the legislative classification interferes with the exercise of a "fundamental right" or operates to the peculiar disadvantage of a "suspect class." State v. Smoky Mountain Secrets, Inc., 937 S.W.2d 905, 911 (Tenn. 1996).

The defendant does not contend that adults ages 18 to 21 are a "suspect class." Suspect classifications are race, alienage, national origin, and sex. King-Bradwell Partnership v. Johnson Controls, Inc., 865 S.W.2d 18, 21 (Tenn. App. 1993). Heightened review has not been extended to differential treatment based on age. Cleburne v. Cleburne Living Center, 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); Vogel v. Wells Fargo Guard Servs., 937 S.W.2d 856, 858 (Tenn. 1996).

Nevertheless, strict scrutiny of a legislative classification applies when the classification interferes with a "fundamental right." Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976); Civil Service Merit Bd. v. Burson, 816 S.W.2d 725, 733 (Tenn. 1991). The punishment for driving while impaired for a person age 18 or over but under age 21 is "only by a driver license suspension of one (1) year and by fine of Two Hundred Fifty Dollars ($250.00). As additional punishment, the court may impose public service work." Tenn. Code Ann. § 55-10-415(d). A driver's license is not a fundamental right. See State v. Conley, 639 S.W.2d 435, 437 (Tenn. 1982). However, an individual's right to personal liberty is a fundamental right for equal protection purposes. Doe v. Norris, 751 S.W.2d 834, 842 (Tenn. 1988). Since the statute clearly authorizes the court to require public service work, as was done in this case, this involves the

3

deprivation of personal liberty. Accordingly, an equal protection analysis must be conducted under the strict scrutiny standard.

## STRICT SCRUTINY

Under the strict scrutiny standard, it is appropriate to enforce the mandate of equal protection by requiring the state to demonstrate that its classification has been precisely tailored to serve a compelling governmental interest. Plyler v. Doe, 457 U.S. 202, 217, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982). We now proceed to determine whether (1) the government has a compelling interest, and (2) if so, whether the statute has been precisely tailored to serve that interest.

We begin with the premise that it is unlawful for any person under twenty-one (21) years of age to even consume an alcoholic beverage. Tenn. Code Ann. § 1-3-113(b). If the consumption of alcoholic beverages can be treated differently for those under twenty-one (21) as compared to those twenty-one (21) years of age or older, then driving offenses relating to the consumption of alcoholic beverages based upon these age distinctions would seem appropriate. Clearly, the state has a compelling interest in maintaining the safety of our roads and protecting the public from younger drivers who have consumed alcoholic beverages. Furthermore, the statute is narrowly tailored to provide this sanction against younger drivers who are not allowed to consume alcoholic beverages, and who would present a danger to the public.

For the above reasons, we find that the driving while impaired statute, Tenn. Code Ann. § 55-10-415, is constitutional.

## ERRONEOUS JUDGMENT

We are compelled to note that in addition to the fine, license revocation and public service work requirement, the judgment provides for a sentence of 11 months and 29 days with all the jail time being suspended and the defendant being placed

4

on supervised probation for six (6) months. Tenn. Code Ann. § 55-10-415(d)(1) expressly provides that the punishment for driving while impaired for a person age eighteen (18) or over but under age twenty-one (21) is limited to "a driver license suspension of one (1) year and by a fine of two hundred fifty dollars ($250). As additional punishment, the court may impose public service work." Neither a sentence to the county jail nor probation is an authorized sanction. Accordingly, the trial court should enter a modified judgment deleting these sanctions.

## CONCLUSION

The judgment of the trial court is affirmed except that the judgment shall be modified as set forth above.

_____
**JERRY L. SMITH, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**