# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-KA-01163-SCT

*MICHAEL DALE MASON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/11/1999 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH C. LANGSTON |
| | CHRISTI R. McCOY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOHN RICHARD YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/26/2000 |
| MOTION FOR REHEARING FILED: | 11/27/2000; denied 3/22/2001 |
| MANDATE ISSUED: | 4/12/2001 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Michael Dale Mason appeals to this Court from the Circuit Court of Itawamba County of a conviction by a jury of violating Miss. Code Ann. § 63-11-30, which makes it a felony for any person below the age of twenty-one with a blood alcohol level of .02% or greater to kill or mutilate a person while negligently driving or otherwise operate a motor vehicle. Mason was sentenced to serve a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections with ten (10) of those years suspended and with five (5) years post-release supervision. From this conviction and sentence, Mason appeals.

¶2. After a review of the record on appeal and applicable law, we affirm Mason's conviction and sentence and the circuit court's ruling upholding the constitutionality of Miss. Code Ann. § 63-11-30.

## STATEMENT OF FACTS

¶3. In the early morning hours of August 29, 1998, James D. Rowell (Rowell) and Michael H. Kilgore (Kilgore) were changing a tire on Rowell's van on the shoulder of Highway 78 in Itawamba County. Rowell was killed and Kilgore severely injured when the pickup truck driven by then eighteen-year-old Michael Dale Mason (Mason) left the road and struck the van. Mason's blood-alcohol content was .102%.

¶4. Count I of the indictment charged Mason with causing the death of Rowell while operating a motor

vehicle at a time when he had a blood alcohol content of .02% or more, and Count II charged Mason with the maiming of Kilgore while operating a motor vehicle at a time when he had a blood alcohol content of .02% or more. Prior to trial Mason filed a motion to dismiss the indictment, arguing that the statute under which he was indicted, Miss. Code Ann. § 63-11-30, violates his equal protection rights as guaranteed by the United States Constitution. The circuit court denied Mason's motion to dismiss the indictment.

¶5. At trial, Mason denied drinking intoxicants during an outdoor camping trip that he took with several other youths the night of August 28, 1998. According to Mason, while driving home on the morning of August 29, 1998, he noticed that his truck would wobble and swerve to the right every time he hit the brakes. He testified that as he approached the area where Rowell and Kilgore were changing the flat tire, the sun was in his eyes and, being unable to slow down due to cars being both behind and beside him, he chose instead to hit his brakes.

¶6. Several witnesses testified for the State during its case-in-chief and two in rebuttal to Mason's claim that he had not been drinking the night prior to the accident. Tamara Miller testified that there was Southpaw beer and a cooler filled with an alcoholic punch at the party. She observed Mason drinking a beer and stated, "I know I seen him drink." Nastasha Ray testified that she was in charge of planning the birthday party for Rolon Barlow and that alcohol was present on the island where the party took place. Ray mixed up the punch at home, which included both Everclear and Schnapps in a 48-ounce cooler. She claimed that Mason knew what was in the cooler because she had told him.

¶7. At the close of all the evidence, Mason's renewed motion for a directed verdict and his request for peremptory instruction were denied. The jury found Mason guilty as charged in Count I of the indictment. He was sentenced to a term of twenty-five (25) years in the custody of the Mississippi Department of Corrections with ten (10) years suspended upon conditions and with five (5) years of post-release supervision. Mason's motion for JNOV or, in the alternative, for a new trial was denied on July 1, 1999.

¶8. Mason timely filed a notice of appeal and brings the following issue before this Court:

**THE CIRCUIT COURT ERRED IN DENYING MASON'S MOTION TO DISMISS THE INDICTMENT.**

## STANDARD OF REVIEW

¶9. The standard of review in Mississippi for questions of law is de novo. *Mississippi Transp. Comm'n v. Fires*, 693 So.2d 917, 920 (Miss.1997).

## DISCUSSION

¶10. Prior to trial, Mason moved to dismiss the indictment on the basis that Miss. Code Ann. § 63-11-30 (Supp. 1999) violates his constitutional rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The court denied the motion, and it is from that denial that Mason appeals.

¶11. Section 63-11-30 makes it unlawful for any person below the age of twenty-one to drive or otherwise operate a motor vehicle within this state with a blood-alcohol level of .02% or greater. It also makes it unlawful for any person age twenty-one or older drive or otherwise operate a motor vehicle with a blood-alcohol level of .10% or greater. Section § 63-11-30(1) provides in pertinent part:

(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; (c) has an alcohol concentration of ten one-hundredths percent (.10%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, or two one-hundredths percent (.02%) or more for persons who are below the legal age to purchase alcoholic beverages under state law, in the person's blood based upon grams of alcohol per one hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis of such person's breath, blood or urine administered as authorized by this chapter....

At the time pertinent to this case Miss. Code Ann. § 63-11-30(5) read as follows:

(5) Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ or member of another shall, upon conviction, be guilty of a felony and shall be committed to the custody of the State Department of Corrections for a period of time not to exceed twenty-five (25) years.

¶12. By virtue of Miss. Code Ann. § 67-1-81(Supp 2000), the legal age to purchase alcoholic beverages in this state is twenty-one years. Mason was indicted for having a blood alcohol content of "two one-hundredths (.02%) percent or more by weight volume of alcohol in his blood as shown by a chemical analysis, and . . . being under the age of 21 years."

¶13. Mason argues that from the plain terms of § 63-11-30(1), a twenty-one-year-old could commit the acts constituting the crime for the purposes set forth in the statute with absolute immunity under that statute while a twenty-year-old who did the same thing would be subject to conviction of a felony and to imprisonment for a term of as much as twenty-five years. In short, Mason maintains that the statute burdens persons under the age of twenty-one with a higher standard than their twenty-one-year-old counterparts. He claims that the statute is clearly discriminatory and unconstitutionally denies equal protection of the law to persons under the age of twenty-one and that it should therefore be declared void.

¶14. It is easy enough to determine that the statute in question treats individuals differently according to age. The United States Supreme Court has explained that in the absence of a suspect classification or an impingement on fundamental rights, a state statute is to be upheld against an equal protection challenge if it is "rationally related" to the achievement of legitimate governmental ends. *Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257 (1993)(citing *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993)); *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). Mason concedes that no fundamental right or suspect class is implicated by the statute in question. Rather, Mason urges this Court to apply the rational basis test and argues that, under this test, the discrimination between age groups is not rationally related to achieving a legitimate government interest.

¶15. Though this is a question of first impression for this Court, the equal protection challenge at hand has been squarely rejected by many of our sister states with like legislation. As those courts have found, we herein find that the distinction made by the challenged statute is rationally related to the legitimate governmental ends of protecting public safety and prohibiting under-age drinking and driving. Thus, we

reject Mason's constitutional attack on § 63-11-30 and his claim of deprivation of equal protection rights.

¶16. In *Barnett v. State*, 510 S.E.2d 527 (Ga. 1999), the Georgia Supreme Court rejected an equal protection challenge to OCGA § 40-6-391(k), which set forth a blood alcohol concentration standard of .02 grams for persons under the age of twenty-one and a standard of .10 grams for persons over age twenty-one. The court held that the statute bears a reasonable relationship to the legitimate state purposes of the protection of the public safety and safeguarding the physical well-being of children. *Id.* at 528. The court explained that the statute furthers the goal of protecting public safety by "prohibiting the operation of motor vehicles by young people who lack experience both in driving and in judging the effect of alcohol on their ability to drive, thus posing a greater threat to the public safety than older, more experienced drivers." *Id.* at 528. The court stated that the statute promotes the well-being of children by protecting them from the dangers of driving while intoxicated because it provides "a strong disincentive to violate alcohol consumption laws and makes it easier for young drivers who are inexperienced with alcohol to understand and accept that they are legally unable to drive if they consume virtually any amount of alcohol." *Id.*

¶17. In *Collins v. State ex rel. Dep't of Pub. Safety*, 991 P.2d 557 (Okla. Ct. App. 1999), the Court of Civil Appeals of Oklahoma addressed an equal protection challenge to 47 O.S. § 754 (Supp. 1997), which provides that the license of anyone under age twenty-one with any measurable quantity of alcohol in his blood or breath or that of a person age twenty-one or older with a blood alcohol concentration of .10 will be immediately revoked. The *Collins* court first took judicial notice of the provisions of the Federal Highway Safety Act, 23 U.S.C.A. §§ 101-164; 401-411 (Supp. 1999), which provides for state highway safety programs designed to reduce traffic accidents and deaths, injuries and property damage. *Id.* at 560. The court explained:

> Provisions are made specifically for alcohol traffic-safety programs with incentives to states that adopt and implement such programs to increase traffic safety. There are specific provisions of the law that deal with the operation of motor vehicles by intoxicated minors. Thus, Congress calls for an under-twenty-one age distinction in the law, when in 23 U.S.C.A. § 161(a)(3), of the Act, it states:

> Requirement - A State meets the requirement of this paragraph if the State has enacted and is enforcing a law that considers an individual under the age of 21 who has a blood alcohol concentration of 0.02 percent or greater while operating a motor vehicle in the State to be driving while intoxicated or driving under the influence of alcohol.

*Id.* at 560-61. The court stated that the enactment of age-specific statutes reveals Congressional belief that there is a heightened risk of public safety when minors drink and drive. *Id.* at 561. The Oklahoma court went on to cite various Oklahoma statutes dealing with sale, purchase and use of intoxicating beverages which make distinctions based on age and noted the legislature's legitimate attempt to proscribe the use of alcohol by under-age persons and particularly to prevent such persons from driving while intoxicated. *Id.* The court applied the rational basis test to the challenge before it and determined that the statute was rationally related to the legitimate governmental ends of prohibiting under-age drinking and driving.

¶18. For similar cases with like holdings, see *Commonwealth v. Howard*, 969 S.W.2d 700 (Ky. 1998) (holding that law making it a crime for person under age twenty-one to drive with blood alcohol content of .02 or higher does not violate equal protection guarantees because of rational basis for drawing distinction based on age in that youths under age twenty-one are less mature than those over age twenty-one); *State v. Ferris*, No. 99-KA-2329, 2000 WL 631282 (La. May 16, 2000) (holding that statute which declares

criminal the operation of a motor vehicle by persons under the age of twenty-one with a blood alcohol content of .02 and by persons age twenty-one and older with a content of .10 survives equal protection challenge in light of governmental purpose of improving highway safety); *State v. Luchau*, 992 P.2d 840 (Mont. 1999) (holding that statute which makes it unlawful for a person under age twenty-one to drive with an alcohol concentration of .02 or more survived equal protection challenge where high correlation of injury and death between underage drinking and driving provides rational basis for treating underage drivers differently); *State v. Crain*, 972 S.W.2d 13 (Tenn. Crim. App. 1998) (holding that law subjecting adults age eighteen to twenty-one, but not those twenty-one or over, to sanctions based on .02% blood alcohol content does not violate equal protection clauses under strict scrutiny test because of state's compelling interest in protecting public from younger drivers who have consumed alcoholic beverages, and statute is narrowly tailored to provide sanction against younger drivers who are not allowed to consume alcoholic beverages).

¶19. The Mississippi Legislature has enacted a like statutory scheme in an attempt to proscribe the use of alcohol by under-age persons and particularly to prevent such persons from driving while intoxicated. These statutes protect not only the under-age drivers themselves, but also the public at large. The statute under attack is part of that scheme. Miss. Code Ann. § 67-3-53 & § 67-1-71 (Supp. 2000) make it unlawful to sell alcohol to persons under the age of twenty-one, and § 67-1-81 makes it unlawful for a person under age twenty-one to purchase, receive, or possess alcohol in a public place. Only persons age twenty-one and older may lawfully apply for an alcohol permit. Miss. Code Ann. §§ 67-1-57& 67-3-19 (Supp. 2000) . According to Miss. Code Ann. § 63-11-23 (Supp. 2000), a person under age twenty-one whose blood alcohol content is .08% may have his driver's license immediately seized, and a person age twenty-one or older whose blood alcohol content is .10% may have his license seized.

¶20. As the U.S. Supreme Court has stated, in the appellate review of a statute involving classification, the law must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. *Heller v. Doe*, 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). We conclude that the distinction made by § 63-11-30(1) is rationally related to the legitimate governmental ends of protecting public safety and prohibiting under-age drinking and driving. Mason's argument that he has been deprived of his equal protection rights is therefore rejected.

## CONCLUSION

¶21. For these reasons the judgment of the Itawamba County Circuit Court is affirmed.

¶22. **CONVICTION OF DUI DEATH AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN (10) YEARS SUSPENDED, WITH CONDITIONS, POST-RELEASE SUPERVISION OF FIVE (5) YEARS PURSUANT TO MISS. CODE ANN., SECTION 47-7-34, AND PAYMENT OF COURT COSTS, AFFIRMED.**

> **PRATHER, C.J., PITTMAN, P.J., MILLS, WALLER, COBB AND DIAZ , JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BANKS, P.J.**

> McRAE, JUSTICE, DISSENTING:

¶23. The majority finds comfort in holding that Miss. Code Ann. § 63-11-30 is constitutional and relies on the fact that several other states have decided likewise. What the majority fails to recognize regarding these other states is that their statutes involve moving violations, not felony charges. In those states, the code section dealing with minors was not put into a felony statute requiring a lesser burden for conviction of a minor than an adult, while at the same time trying the minor as an adult. The legislators for the first time are taking a category of law intended to shield minors and incompetents and turning it into a sword against them by allowing the state to use a lesser burden than that of adults to get a conviction against a minor when he is being tried under a felony statute as an adult.

¶24. The zero-tolerance line drawn between persons over and under age twenty-one (21) pursuant to Miss. Code Ann. § 63-11-30 for purposes of public highway safety is, in both a theoretical and statistical sense, baseless. If Mississippi were truly interested in curbing alcohol related accidents, instead of receiving guaranteed federal highway funding in return for enacting a zero-tolerance statute, it would subject those who are of legal drinking age to the most stringent standards under the law, or at the very least, hold all licensed drivers to the same standard, whether it provides for zero tolerance or not. While other states have declared similar statutes constitutional, none of those cases involved a felony charge of vehicular manslaughter such as this Court faces here. The statute is clearly discriminatory and unconstitutionally denies equal protection of the law to, and violates the due process rights of, persons under the age of 21 and should be declared void. Accordingly, I dissent.

¶25. Michael Dale Mason ("Mason") was convicted of violating Miss. Code Ann. § 63-11-30, which makes it unlawful for any person below the age of 21 to operate a motor vehicle within this state with a blood-alcohol level of 0.02% or greater. The same statute makes it unlawful for any person above the age of 21 to operate a motor vehicle with a blood-alcohol level of 0.10% or greater. However, when a minor such as Mason violates 63-11-30 by testing positive for 0.02% alcohol content or more in their system at the time of injuring another person, the individual is not actually tried as a minor, but as an adult. If minors are to be charged under the same statute and given the same sentence as those 21 and older, they should be held to the same standard. If held to a different standard, equal protection is being denied in the most literal sense. Of interest is the fact that if the minor refuses to take the intoxylizer test then the state does not have the option of proving the lower 0.02% alcohol level, but must prove a minor's intoxication under the same common law criteria that are used when adults are tried for DUI.

¶26. Since the majority insists on a zero-tolerance standard, then it should apply that standard across the board, not just to minors. From the plain terms of the statute, it is possible for those 21 or older to commit acts without criminal culpability under that statute because their BAC was below 0.10 %, while a twenty-year-old behaving identically would be subject to conviction of a felony and imprisonment for a term of five (5) to twenty-five (25) years. Miss. Code Ann. § 63-11-30(5).

¶27. This is not equal protection under the law for individuals who, having been duly licensed to drive in this state and found guilty of driving with a particular blood-alcohol content, are similarly situated. Where a "minor" is tried as an adult, he or she should be tried under all of the elements of the adult statute. Section 63-11-30 (5) allows the state to use a law applicable only to minors to garner an adult conviction. Not only does this raise a question of equal protection, but one of due process.

¶28. The majority finds refuge in the fact that several other states have found their zero-tolerance statutes constitutional when challenged under equal protection and due process standards. However, these findings

of constitutionality must be distinguished on the basis that **not one of them involved a felony charge** which imposed a different burden of proof for minors than adults, with which we deal in the instant case. Here, Mason, age 18, was convicted of vehicular manslaughter based in part on the 0.02% law. In the other states' cases, the constitutional challenges resulted from "driving under the influence" convictions or "driving license revocations."[(1)] It is impossible to know whether those states would have found their zero-tolerance statutes constitutional were they construed in the context of homicide convictions. It is unjust for the majority merely to rely on other state's holdings without undertaking its own independent analysis.

¶29. Furthermore, the states which have decided the issue have done so in consideration of the fact that persons under 21 years of age can not legally drink in those states. *Commonwealth v. Howard*, 969 S.W.2d 700, 704 (Ky. 1998); *State v. Ferris*, 762 So.2d 601, 607 (La. 2000); *State v. Luchau*, 992 P.2d 840, 843 (Mont. 1999); *State v. Powers*, 1998 WL 720694 at 3 (Ohio Ct. App. 1998); *Collins v. State ex rel. Dep't of Pub. Safety*, 991 P.2d 557, 561 (Okla. Ct. App. 1999); *State v. Crain*, 972 S.W.2d 13, 16 (Tenn. Crim. App. 1998).

¶30. Mississippi may be distinguished from these states because, in certain circumstances, those under 21 may legally drink alcohol in this state. Section 67-3-54(1) states that persons between the ages of 18 and 21 may legally consume beer or light wine with the consent of a parent or legal guardian in the presence of a parent or legal guardian. Miss. Code Ann. The parent or guardian may legally furnish alcohol to such a person under these circumstances. *Id.* The statute also excepts military personnel while on military property. *Id*.

¶31. Like the other states that have ruled on this issue, Tennessee's Court of Criminal Appeals has upheld that state's zero-tolerance DUI law, though it did so under a different analysis. The Tennessee court held the law to a standard of strict scrutiny because the law interferes with the fundamental right to personal liberty. *State v. Crain*, 972 S.W.2d 13, 15 (Tenn. Crim. App. 1998). In that case, the law provided that persons 18 to 21 years of age who violated the zero-tolerance statute would be subject to a fine up to $250 and a one-year driver license suspension. Tenn. Code Ann. § 55-10-415(d). "As an additional punishment, the court may impose public service work." *Id.* The court observed that this last provision constituted a loss of personal liberty, and went on to acknowledge that "an individual's right to personal liberty is a fundamental right for Equal Protection purposes." *Id.* at 16.

¶32. Likewise, a violation of Mississippi's zero-tolerance statute can lead to a loss of personal freedom in the form of a five (5) to twenty-five (25) year jail term under a different section of the same statute, as happened in the case at bar. Miss. Code Ann. § 63-11-30(5). Because the application of section 63-11-30 resulted in a deprivation of Mason's fundamental constitutional right to personal liberty, the proper standard for interpreting this law is one of strict scrutiny. *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed. 2d 520 (1976). In applying the strict scrutiny standard, the State must show that the challenged legislation bears a substantial relationship to a compelling governmental interest.

¶33. In its brief to this Court, the State did not engage in a constitutional analysis, but rather based its argument on the theory that Mason did not have standing to bring this appeal. The State argued that Mason has no standing to challenge the zero-tolerance statute because his blood alcohol content (BAC) of 0.102 % was high enough to convict someone 21 years of age or older. However, given the accepted margin of error of 0.003 % for the test, Mason was below the 0.10 % threshold for persons 21 or older.

Additionally, nowhere in the record has the State designated what compelling governmental interest is to be served by section 63-11-30.

¶34. Other states have upheld their zero-tolerance statutes after finding that the laws served various interests such as reducing under age drinking and driving, *State v. Ferris*, 762 So.2d at 604, protecting the public from those inexperienced in operating motor vehicles and in drinking alcohol, *State v. Powers*, 1998 WL 720694 at 3, and protecting children by providing a "strong disincentive to violate alcohol consumption laws."*Barnett v. State*, 510 S.E.2d at 528. In each instance, the state supreme courts identified a particular interest to be served by the statute. Here, it is unclear which interest is served by section 63-11-30.

¶35. Mississippi's zero-tolerance statute was passed pursuant to the Federal Highway Safety Act, which provides incentives to states to pass such laws "to increase traffic safety." 23 U.S.C. §§ 101-164; 401-411 (Supp. 1999). The State's interest in receiving federal money is not one which should justify the deprivation of the right to personal liberty. If this is the interest to be advanced by section 63-11-30, the law does not withstand strict scrutiny.

¶36. If, however, the purpose of the federal statute is imputed to the states acting under it, then it may be inferred that the Mississippi statute was passed to promote the public safety. This Court must then inquire whether the law is substantially related to achieving that end.

¶37. If the interest of public safety is to be promoted by the zero-tolerance law, it must be based on the belief that persons under 21 are disproportionately responsible for alcohol related driving accidents and fatalities, in comparison to other age groups. Therefore, under this rationale, a zero-tolerance law directed at minors should remedy the problem. Statistics provided by the United States Department of Transportation, however, reveal that the age groups accountable for **most** alcohol related driving incidents, and at a higher rate per capita, are those between the ages of 21 and 44, not those under 21.[(2)]

¶38. Specifically, each year from 1994 to 1998, both nationally and in the state of Mississippi, drivers between the ages of 25 and 34 were responsible for a higher rate of alcohol related vehicle accidents. By contrast, persons under the age of 21, both nationally and in the state of Mississippi, were among those least responsible for such accidents. According to the Department of Transportation, the national intoxication rates for drivers age 16 to 20 who were involved in fatal crashes is significantly lower than that of the age groups 21-24, 25-34, and 35-44 years old:

> From 1988 to 1998, intoxication rates decreased for drivers of all age groups involved in fatal crashes. Drivers 16 to 20 years old experienced the largest decrease in intoxication rates (33% decline), followed by drivers over 64 years old (29% decline).

> The highest intoxication rates in fatal crashes in 1998 were recorded for drivers 21-24 years old (28%), followed by ages 25-34 (24%), and 35-44 (21%).[(3)]

The rates of traffic fatalities involving *any* alcohol follow a similar pattern. Of all fatal crashes occurring in 1998, 22% of the drivers age 16-20 had a BAC of 0.01% or greater. This compares with 36% of drivers age 21-24, 31% of drivers age 25-34, and 26% of drivers age 35-44.[(4)] Based on this information, the most effective means of advancing the interest of public driving safety would be subjecting the 21 to 44 age group to the most stringent drinking and driving laws.

¶39. The United States Constitution forbids any state law that may "deny to any person within its jurisdiction the equal protection of the law." U.S. Const. amend. XIV, § 1. This Court has held that we should jealously guard the constitutional rights of individuals. *Miller v. State*, 207 Miss. 156, 162, 41 So.2d 375, 377 (1949).

¶40. By imposing a stricter standard on those under 21 than those of legal drinking age, section 63-11-30 violates Mason's right under the equal protection clauses of the United States and Mississippi Constitutions. Persons charged with driving under the influence of alcohol are similarly situated within the same class of persons. However, section 63-11-30 permits disparate treatment of those persons under the age of 21 in the class.

¶41. Although similarly situated, those under 21 are confronted with an impermissibly higher burden to overcome the statutory presumption of intoxication than members of the same class of defendants who are 21 or older. It is clearly a violation of an individual's equal protection rights to force some members of the same class to defend the presumption of driving under the influence after a two-hundredths (0.02%) percent test result, while others in the same class are excluded unless the test measures one-tenth (0.10%) of a percent.

¶42. In effect, section 63-11-30(5) allows for the most severe adult punishment for those who are under 21 but are beyond the jurisdiction of the state's Youth Courts. In the instant case, for example, Mason, age 18 at the time of the accident, was indicted pursuant to section 63-30-11(5), vehicular manslaughter, based in part on the 0.02 % zero-tolerance standard of section 63-11-30(1)(c), which is applicable only to minors. Mason was tried, however, as an adult and upon his actual reading of 0.102%, received the maximum sentence of twenty-five years imprisonment, with ten years suspended. Under identical facts, however, an individual 21 years or older would have an entirely different day in court, and, conceivably, not spend one day in the penitentiary. Because of the lower burden imposed by the statute, the State was able to get a conviction; Mason was precluded from challenging the results of the machine at 0.02%, and was convicted and sentenced to prison.

¶43. There is an insufficient correlation between the imposition of a stricter standard of intoxication for the class of persons under 21 years old and the enhancement of traffic safety to conclude that the classification bears a substantial relationship to that end. In addition, it is patently unconstitutional to place a near "zero tolerance" on those under 21 but allow them to be tried and convicted as adults.

¶44. Finally, one must ask whether an eighteen-year-old is an adult or a minor. Our juvenile justice system is restricted to persons under 18. For example, those 18-21 years old are treated as adults when charged with statutory rape or sexual battery, *see* Miss. Code Ann. §§ 97-3-65, 97-3-95 to -101. Is one between the ages of 18 and 21 then to be considered a minor when charged with a felony DUI? Under the statutory rape and sexual battery statutes, we consider a person 18 or older to be an adult, and if he has sexual intercourse with a "minor" under 18 years of age, he can be convicted. Under section 63-11-30, however, he is considered to be a minor and the prosecution can hold him to the lower standard only because he is under 21 years old, and is therefore a "minor" for the purposes of that crime. This is not equal protection under our constitution.

¶45. Our laws allow minors to become adults before they reach the age of 21. When a minor is either emancipated or married, he or she can then take on the rights of an adult. Under this statute, there is no exception for these individuals. If a minor, married with two children, were to drink cough syrup for a cold

while leaving his house on the way to work, accidentally run a stop sign that was covered by a bush and injure a person, he would be convicted under this statute because the cough syrup would put him above the 0.02% threshold. There is no equal protection or due process when the law singles out minors and allows the State to use a lesser burden for conviction than it would for an adult. The standard of culpability should be the same for all defendants, whether they kill with a rifle or with a car. The elements of a crime should be the same for all age groups.

¶46. I would find the "zero-tolerance" provisions of section 63-11-30 void as a violation of the equal protection and due process clauses of both the United States and Mississippi Constitutions, reverse Mason's conviction and remand for a new trial using a blood-alcohol concentration standard of 0.10%.

¶47. Accordingly, I dissent.

**BANKS, P.J., JOINS THIS OPINION.**

1. *See* **Barnett v. State***,* 510 S.E.2d 527 (Ga. 1999) (holding that defendant who was convicted of driving under the influence in violation of the underage drinking statute was not denied equal protection of the law); **Firsanov v. State**, 513 S.E.2d 184 (Ga. 1999) (holding that defendant who was convicted of driving under the influence in violation of the underage drinking statute was not denied equal protection of the law); **Commonwealth v. Howard**, 969 S.W.2d 700 (Ky. 1998) (holding that defendant who was charged with violation of juvenile driving while intoxicated statute was not denied equal protection of the law); **State v. Ferris**, 762 So.2d 601 (La. 2000) (holding that defendant who was convicted of underage driving under the influence was not denied equal protection of the law); **State v. Luchau**, 992 P.2d 840 (Mont. 1999) (holding that driver found guilty of violating the underage drinking and driving statute was not denied equal protection or due process of law); **State v. Powers**, 1998 WL 720694 (Ohio Ct. App. 1998) (holding that driver found guilty of violating the underage drinking and driving statute was not denied equal protection of law); **Collins v. State ex rel. Dep't of Pub. Safety**, 991 P.2d 557 (Okla. Ct. App. 1999) (holding that seizure of driver=s license pursuant to underage drinking statute was not an equal protection violation).

2. Department of Transportation; National Highway Traffic Safety Administration, *National and State traffic and BAC statistics from 1994 through 1998*, *at* http://www.nhtsa.gov.

3. Department of Transportation; National Highway Traffic Safety Administration, *Traffic Safety Facts 1998 -- Alcohol*, *at* http://www.nhtsa.dot.gov/people/ncsa/pdf/alcohol98.pdf (last visited Oct. 23, 2000).

4. Department of Transportation; National Highway Traffic Safety Administration *at* http://www.nhtsa.dot.gov/people/ncsa/tsf-1998.pdf at Tbl. 77, (last visited Oct. 23, 2000).