# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 5, 2010

## STATE OF TENNESSEE v. JAROZ DANTAE THOMAS

**Direct Appeal from the Circuit Court for Madison County**
**No. 08-545     Roger A. Page, Judge**

_____

**No. W2009-00846-CCA-R3-CD  - Filed March 29, 2010**

_____

A jury convicted the defendant, Jaroz Dantae Thomas, of underage driving while impaired, a Class A misdemeanor. The trial court sentenced him to 11 months, 29 days of probation, supervised by Community Corrections; a $250 fine; suspension of his driver's license for one year; and twenty-four hours of community service. On appeal, the defendant challenges his sentence. Following our review of the record, the parties' briefs, and the applicable law, we affirm the judgment of the trial court but modify the defendant's sentence to strike the 11 months, 29 days of probation. The case is remanded for entry of a corrected judgment consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

George Morton Googe, District Public Defender, and Paul E. Meyers, II, Assistant Public Defender, for the appellant, Jaroz Dantae Thomas.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Jerry Woodall, District Attorney General; and Anna Banks Cash, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

A Madison County grand jury indicted the defendant for (1) driving while under the influence of a drug and/or an intoxicant; (2) speeding; (3) failure to display license upon demand; (4) violation of the financial responsibility law; and (5) violation of the seat belt

law. The state nolle prosequied counts two through five and presented the following evidence related to count one at the jury trial held on January 20, 2009.

Sergeant Gary Benton, of the Jackson Police Department, testified that on June 17, 2008, he was running a stationary radar on Hollywood Drive in Madison County. Around 8:30 p.m., he clocked a green Mercury Marquis going fifty-six miles per hour in a thirty miles per hour zone. Sergeant Benton activated his blue lights and siren and followed the vehicle. The vehicle pulled into a service station but then pulled back out into the street. Sergeant Benton believed the driver was "going to run," so he radioed for back-up. The driver then pulled into an apartment complex. Sergeant Benton testified that the driver was the only occupant of the vehicle and identified the defendant as the driver.

Sergeant Benton testified that when he approached the vehicle, the defendant tried to exit the vehicle. Sergeant Benton ordered him to stay in the vehicle, explained that he had stopped the defendant for speeding, and asked for identification and proof of insurance. The defendant was unable to produce identification or proof of insurance and had a strong odor of alcohol. The defendant informed Sergeant Benton that he was twenty years old. After Officer Manaseri arrived at the scene, Sergeant Benton had the defendant get out of the vehicle and placed him under arrest for driving under the influence. The defendant was argumentative and initially denied that he had been drinking. He later admitted "that he had been drinking and had a shot." Sergeant Benton testified that he found a half-pint bottle of gin on the passenger-side floorboard, and he indicated that not much was left in the bottle.

Sergeant Benton did not have the defendant perform a field sobriety test because he was concerned that the defendant would take the opportunity to run. He testified that he arrested the defendant because he made a determination that the defendant "was under the influence of alcohol too much to be operating that vehicle." He based his determination on the fact that the defendant had been speeding, admitted to drinking, was underage, and had been argumentative. Sergeant Benton read an implied consent form, verbatim, to the defendant, explaining that implied consent means that a holder of a Tennessee driver's license is required to submit to blood alcohol content tests at the request of law enforcement or have his or her license suspended for twelve months. The defendant refused to submit to a blood alcohol content test.

On cross-examination, Sergeant Benton clarified that he activated his lights and siren after the defendant had pulled into the service station. He said that when he approached the vehicle, the defendant opened the door a few inches, which Sergeant Benton testified was not normal behavior when someone is pulled over. He testified that he read the implied consent form to the defendant when the defendant was handcuffed and in his patrol car.

Officer Douglas Manaseri, of the Jackson Police Department, testified that he heard Sergeant Benton initiate a traffic stop, over his radio, on the evening of June 17, 2008. Officer Manaseri was already driving towards Hollywood Drive when Sergeant Benton requested back-up. When he arrived at the scene, Sergeant Benton was at the driver's window and informed Officer Manaseri that the defendant had attempted to get out of the vehicle and smelled of alcohol. Officer Manaseri said that the defendant "was not really arguing, . . . but he wasn't really listening. He was trying to explain." Officer Manaseri assisted Sergeant Benton in getting the defendant out of the car. He testified that he smelled alcohol on the defendant. He participated in the search of the vehicle and remembered that either he or Sergeant Benton found a bottle of gin with very little liquid remaining. Because he did not see the defendant driving, Officer Manaseri did not form an opinion as to the defendant's driving ability but said that he did not feel comfortable letting anyone drive who had been drinking.

On cross-examination, Officer Manaseri testified that the police report listed the time of the incident at 10:30 p.m. He said that once someone is placed in handcuffs, it is rare for the police to take the handcuffs off so the person can perform field sobriety tests.

The defense did not put on any proof. After deliberations, the jury found the defendant guilty of the lesser-included charge of underage driving while impaired and assessed a $250 fine. The trial court sentenced the defendant to eleven months, twenty-nine days of probation, supervised by Community Corrections, suspended his license for one year, and ordered him to serve twenty-four hours of community service. The defendant then filed this timely appeal.

**Analysis**

The defendant argues that the trial court erred by sentencing him to probation because Tennessee Code Annotated section 55-10-415 only allows for suspension of his driver's license for one year, a $250 fine, and community service. The state concurs with the defendant's argument.

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption that the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999).

The trial court normally has great latitude to fashion a misdemeanor sentence. Tennessee Code Annotated section 40-35-302 governs misdemeanor sentencing. This section provides, in part, that the trial court shall impose a specific sentence that is consistent with the principles of the 1989 Sentencing Reform Act. Tenn. Code Ann. § 40-35-302(b) (2003). However, in this matter, the legislature specified an exact punishment for the offense of underage driving while impaired. The language in the underage driving while impaired statute reads:

> (d)(1) The offense of underage driving while impaired for a person age eighteen (18) or over but under age twenty-one (21) is a Class A misdemeanor punishable only by a driver license suspension of one (1) year and by a fine of two hundred fifty dollars ($250). As additional punishment, the court may impose public service work.

Tenn. Code Ann. § 55-10-415(d)(1). In *State v. Crain*, this court ruled that the statute does not allow for a sentence of probation. 972 S.W.2d 13, 16 (Tenn. Crim. App. 1998). We conclude that the trial court erred in imposing probation for a conviction of underage driving while impaired because the statute only allows for driver license suspension, a fine, and community service. The defendant presents no other claims; therefore, we affirm the judgment of conviction but modify the defendant's sentence to strike the eleven months, twenty-nine days of probation. The case is remanded for entry of a corrected judgment form consistent with this opinion.

## Conclusion

Based on the foregoing reasons, we affirm the judgment of conviction but remand for the trial court to correct the judgment to reflect that the defendant is sentenced to a one-year driver license suspension, a $250 fine, and twenty-four hours of community service.

_____
J.C. McLIN, JUDGE