### A94A1720. WILLIAMS v. THE STATE.
(446 SE2d 789)

McMURRAY, Presiding Judge.

Defendant Williams appeals his conviction of the offenses of armed robbery and obstruction of a law enforcement officer. The sole enumeration of error maintains that defendant received ineffective assistance of counsel at trial. *Held*:

Defendant's allegations of ineffective counsel are without merit. In order to prevail on such a contention, a criminal defendant must show that trial counsel was deficient and that the deficiency created a reasonable probability of a different result in the verdict. *Lajara v. State,* 263 Ga. 438, 440 (3) (435 SE2d 600); *Hall v. State,* 210 Ga. App. 792, 793 (1) (437 SE2d 634). While reference is made to the limited number of occasions on which trial counsel visited defendant in jail to confer regarding the case, the fact that no motions were filed in the trial court on behalf of defendant, and to trial counsel's failure to reserve objections to the jury charge, defendant fails to show that these alleged indicia of defective performance in any way prejudiced the defense. *Lajara v. State,* 263 Ga. 438, 440 (3), supra.

Finally, defendant questions his trial attorney's failure to make any objection to an unresponsive comment by a state's witness, a police officer who had participated in the investigation of the crimes of which defendant was convicted, that defendant "was lying to us . . ." in his statement to police. However, defendant's trial counsel testified at the hearing on defendant's motion for new trial and the trial court accepted the proposition that the decision not to object to this improper opinion testimony as to defendant's character was one of trial strategy motivated by a desire to avoid detracting from a defense predicated upon emphasizing the failure of police to thoroughly investigate defendant's statement. Defendant, who was driving a truck taken in the armed robbery when apprehended by police, told police that he was offered a ride by a cousin who then allowed him to drive the truck. Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight, result or how another lawyer may have conducted the defense. The trial court did not err in determining that trial counsel's strategy was within the range of reasonably effective assistance. *Powell v. State,* 198 Ga. App. 509 (1), 510 (402 SE2d 108). A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous. *Gazaway v. State,* 210 Ga. App. 540 (1), 542 (436 SE2d

738).

Judgment affirmed. *Pope, C. J., and Smith, J., concur.*

DECIDED JULY 21, 1994.

*Melissa M. Nelson*, for appellant.
*J. Tom Morgan, District Attorney, Robert E. Statham III, Gregory J. Lohmeier, Assistant District Attorneys*, for appellee.