## S98A1768. BARNETT v. THE STATE.

(510 SE2d 527)

HUNSTEIN, Justice.

Gregory Austin Barnett was 17 years old when he was arrested, charged and convicted of, inter alia, driving under the influence of alcohol with a blood alcohol concentration of 0.02 grams. OCGA § 40-6-391 (k). Barnett's breathalyzer test revealed a blood alcohol concentration of 0.048. The trial court denied his motion to declare OCGA § 40-6-391 (k) unconstitutional. We affirm.

Barnett contends subsection (k) of OCGA § 40-6-391 violates his equal protection rights under the State and Federal constitutions by setting forth a blood alcohol concentration standard different for persons under age 21 than for persons above age 21 (which is 0.10 grams, id. at (a) (5)) where there exists a statutory presumption that persons with a blood alcohol concentration of 0.05 grams or less are deemed not to be under the influence of alcohol. OCGA § 40-6-392 (b) (1).

"When assessing equal protection challenges, a statute is tested under a standard of strict judicial scrutiny if it either operates to the disadvantage of a suspect class or interferes with the exercise of a fundamental right. [Cit.]" *Ambles v. State*, 259 Ga. 406, 407 (2) (383 SE2d 555) (1989). "If neither a suspect class nor a fundamental right is affected by the statute, the statute need only bear a rational relationship to some legitimate state purpose. [Cit.]" Id. The age of a person does not place him within a suspect class for purposes of equal protection. *Phagan v. State*, 268 Ga. 272, 274-275 (2) (486 SE2d 876) (1997). Driving a vehicle under the influence of any amount of alcohol is not a fundamental right. See generally *Ambles*, supra at 408 (2) (b). "Since the statute does not disadvantage a suspect class or interfere with the exercise of a fundamental right, it need only bear a reasonable relationship to a legitimate state purpose. [Cits.]" *Phagan*, supra at 275.

Protection of the public safety and safeguarding the physical well-being of children represent two legitimate state purposes. *Union City Bd. of Zoning Appeals v. Justice Outdoor Displays*, 266 Ga. 393, 400 (3) (467 SE2d 875) (1996); *Phagan*, supra at 274 (1). OCGA § 40-6-391 (k) bears a reasonable relationship to both of these purposes, in that it protects public safety by prohibiting the operation of motor vehicles by young people who lack experience both in driving and in judging the effect of alcohol on their ability to drive, thus posing a greater threat to the public safety than older, more experienced drivers. Further, it protects children by providing a strong disincentive to violate alcohol consumption laws, see OCGA § 3-3-23, and makes it easier for young drivers who are inexperienced with alcohol to understand and accept that they are legally unable to drive if they con-

sume virtually any amount of alcohol, thereby promoting the well-being of children by protecting them from the dangers of driving while intoxicated.

Therefore, we conclude that the General Assembly had a rational basis for enacting OCGA § 40-6-391 (k) and the statute thus does not violate Barnett's equal protection rights under the State or Federal constitutions.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999 —
RECONSIDERATION DENIED FEBRUARY 8, 1999.

*Lee W. Fitzpatrick,* for appellant.
*Channing Ruskell, Solicitor,* for appellee.

---

[1] We note that other jurisdictions have upheld similar legislation on similar grounds. See *Commonwealth v. Howard,* 969 SW2d 700 (Ky. 1998) (holding that law making it crime for anyone under age of 21 to drive with blood alcohol content of 0.02 percent or higher does not violate Federal or state equal protection clauses because there is rational basis for drawing distinction based on age in that youths under age of 21 are less mature than those who are 21 years or older); *State v. Powers,* Nos. 9-98-08, 9-98-09, 9-98-10, 1998 WL 720694 (Ohio Ct. App. 1998) (unpublished opinion) (holding that legislation which makes driving with 0.02 blood alcohol content an offense for citizens under age of 21 but not for citizens over that age does not violate Federal or state equal protection clauses because law is rationally related to legitimate state interest in that it discourages inexperienced young drivers from driving while under influence of alcohol). See also *State v. Crain,* 972 SW2d 13 (Tenn. Crim. App. 1998) (holding that law subjecting adults ages 18 to 21, but not those 21 or over, to sanctions based on 0.02 percent blood alcohol content does not violate Federal and state equal protection clauses under strict scrutiny test because state had compelling interest in protecting public from younger drivers who have consumed alcoholic beverages, and statute is narrowly tailored to provide sanction against younger drivers who are not allowed to consume alcoholic beverages).