## S99A0173. FIRSANOV v. THE STATE.
(513 SE2d 184)

HUNSTEIN, Justice.

Kirill Firsanov was convicted of driving under the influence of

alcohol with a blood alcohol content exceeding .04 pursuant to former OCGA § 40-6-391 (k); illegal use of a spotlight, OCGA § 40-8-29 (a); violation of the open container law, OCGA § 40-6-253 (b); and underage possession of alcohol, OCGA § 3-3-23 (a) (2). While we agree with Firsanov that his conviction for illegal use of a spotlight must be reversed, we affirm the remaining convictions and the trial court's ruling upholding the constitutionality of former OCGA § 40-6-391 (k).

1. The early morning of July 5, 1996, Officer Gunter of the Snellville Police Department stopped the vehicle Firsanov, then 17 years old, was driving after witnesses told Gunter a car matching the description of Firsanov's car had shined a spotlight into their vehicle. Firsanov appeared flushed, his eyes bloodshot, and he smelled of alcohol. The officer testified at the bench trial that he discovered a hand-held spotlight (which plugs into the cigarette lighter) under the passenger's feet as well as an open, partially-filled beer can. Firsanov gave Gunter permission to search the vehicle's trunk which the officer discovered contained a six-pack of beer and a cooler filled with loose bottles of beer. The only other person in Firsanov's vehicle was 15 years old and was given an alco-sensor test which indicated he had not imbibed any alcohol. The Intoxilyzer 5000 test performed on Firsanov showed he had a blood alcohol content of .061. At trial, the driver of the spotlighted vehicle was unable to state whether Firsanov or the passenger had shined the light into her car.

In the absence of any evidence indicating that it was Firsanov rather than his passenger who used the spotlight found under the passenger's feet, we agree, and the State concedes, that the evidence was insufficient to support his conviction of OCGA § 40-8-29 (a). Accordingly, the judgment entered on Firsanov's conviction for illegal use of a spotlight is reversed. We conclude that the trial court sitting as the trier of fact was authorized to find Firsanov guilty beyond a reasonable doubt of a violation of the open container law based on the evidence of Firsanov's intoxication, the officer's testimony that Firsanov smelled of alcohol and appeared flushed, and the presence of liquid remaining in the open can. The evidence adduced also authorized the trier of fact to find Firsanov guilty of underage possession of alcohol and DUI beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Firsanov challenged the constitutionality of former OCGA § 40-6-391 (k) on the basis that it violated equal protection by distinguishing between those persons under 18 and persons 18-21, all of whom are legally unable to drink (OCGA § 3-3-23 (a) (2)) and are thus similarly situated, in an arbitrary manner not rationally related

to any legitimate State interest.[1] Because no suspect class or fundamental right is involved, *Barnett v. State*, 270 Ga. 472 (510 SE2d 527) (1999), the challenged statute need only bear a rational relationship to some legitimate State purpose. Id. "Protection of the public safety and safeguarding the physical well-being of children represent two legitimate state purposes. [Cits.]" Id. We agree with the trial court that former OCGA § 40-6-391 (k) was rationally related to the State's interest in both of these purposes, *Barnett*, supra, and that the legislature had a rational basis for distinguishing between those drivers under age 18 and drivers between 18 and 21 years of age due the greater inexperience and immaturity possessed by drivers under the age of 18. See *Kelley v. State*, 252 Ga. 208 (2) (312 SE2d 328) (1984). We find no violation of equal protection.

3. Firsanov contends the trial court erred by denying his motion in limine to exclude the breath test results on the basis that the officer lacked probable cause to arrest Firsanov for DUI. The test of probable cause "'requires merely a probability — less than a certainty but more than a mere suspicion or possibility. (Cits.)' [Cit.]" *Williams v. State*, 167 Ga. App. 42, 43 (306 SE2d 46) (1983). The evidence established that the officer knew Firsanov's age, observed his bloodshot eyes and flushed face, smelled a moderate odor of alcohol on his breath, and discovered beers on ice in a cooler in Firsanov's trunk. Although this evidence alone may not have been sufficient to convict Firsanov of DUI, "'[t]he same strictness of proof required for a finding of guilt is not necessary for probable cause. (Cit.)' . . . [Cit.]" *Campbell v. State*, 221 Ga. App. 105, 107 (2) (470 SE2d 503) (1996). Compare *Clay v. State*, 193 Ga. App. 377 (2) (387 SE2d 644) (1989) and *Davis v. State*, 206 Ga. App. 647 (1) (426 SE2d 267) (1992) (evidence insufficient to support convictions). We find no error in the trial court's denial of Firsanov's motion.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 22, 1999 —
RECONSIDERATION DENIED APRIL 9, 1999.

*Cindi L. Teelon*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Rosanna M. Szabo, Scott A. Drake, Assistant Solicitors,* for appellee.

---

[1] OCGA § 40-6-391 was amended effective July 1, 1997 eliminating this distinction by raising the age in subsection (k) to 21. Ga. L. 1997, p. 760, § 23.