## A00A1549. McLEOD v. THE STATE.

(538 SE2d 759)

MILLER, Judge.

Wanda Braswell McLeod was tried before a jury and found guilty of aggravated assault, felony obstruction of a law enforcement officer, and misdemeanor disorderly conduct. On appeal, she contends the evidence is insufficient to sustain her felony convictions. We affirm.

1. On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the jury's verdict of guilt, and the presumption of innocence no longer applies.[1] An appellate court does not weigh the evidence nor judge the credibility of the witnesses but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] "The testimony of a single witness is generally sufficient to establish a fact."[3] Conflicts in the testimony of

---

[1] *Bohannon v. State*, 208 Ga. App. 576 (1) (431 SE2d 149) (1993).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 24-4-8.

the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld.[4]

2. A person commits felony obstruction when he knowingly and wilfully resists, obstructs, or opposes any law enforcement officer in the lawful discharge of his duties "by offering or doing violence to the person of such officer. . . ."[5] The testimony of Dodge County Deputy Sheriff Ed White that McLeod resisted his initial attempt to arrest her for disorderly conduct by cursing and kicking him in the groin area is sufficient under the standard of *Jackson v. Virginia*[6] that McLeod is guilty, beyond a reasonable doubt, of felony obstruction of a law enforcement officer as alleged in Count 2 of the indictment.[7]

3. A person commits aggravated assault by committing an assault "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to . . . result in serious bodily injury."[8] An axe or a hatchet, when used offensively, is capable of serious bodily injury.[9] Deputy White's testimony that McLeod chased after her fleeing husband with an axe raised over her head is sufficient to authorize the jury's verdict that she is guilty, beyond a reasonable doubt, of the aggravated assault alleged in Count 1 of the indictment.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 24, 2000.

*Straughan & Straughan, Mark W. Straughan*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.

---

[4] *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999).
[5] OCGA § 16-10-24 (b).
[6] Supra.
[7] *Jones v. State*, 242 Ga. App. 357, 358-359 (1) (529 SE2d 644) (2000). Accord *Duitsman v. State*, 212 Ga. App. 348 (1) (441 SE2d 888) (1994) (scuffling with and kicking arresting officers is sufficient).
[8] OCGA § 16-5-21 (a) (2).
[9] See, e.g., *Nixon v. State*, 101 Ga. 574, 577 (28 SE 971) (1897); *James v. State*, 68 Ga. App. 765, 767 (1) (b) (24 SE2d 149) (1943).