S00A1709. ODETT v. THE STATE.
(541 SE2d 29)

HINES, Justice.
James Edward Odett was tried before a jury and convicted of one count of aggravated child molestation and one count of child molestation, for sexual acts performed on a thirteen-year-old girl. Challenging the sufficiency of the evidence and the constitutionality of OCGA § 16-6-4 (c) & (d), Odett appeals. For the reasons that follow, we affirm.

1. Odett contends that the evidence does not support the verdicts. In particular, he contends that the victim's testimony is not credible because she gave conflicting stories to the police at different times during the investigation. Resolving evidentiary conflicts and

inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997). Further, the evidence included not only the victim's testimony that Odett had engaged in sexual intercourse and oral sodomy with her, but also letters by Odett to the victim after Odett's arrest which indicated prior physical relations between Odett and the girl. The evidence authorized the jury to conclude that Odett was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. This Court has held that consensual sodomy between adults is protected under the right to privacy found in Georgia's Constitution and that OCGA § 16-6-2 did not meet constitutional muster to the extent that it "criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent." *Powell v. State*, 270 Ga. 327, 336 (3) (510 SE2d 18) (1998). Odett argues that in light of *Powell*, there is no rational basis for treating child molestation based on an act of sodomy differently from child molestation based on other acts, and the different treatment violates his equal protection and due process rights under the United States and Georgia Constitutions.

OCGA § 16-6-4 (c) provides that one who "commits an offense of child molestation which act physically injures the child or involves an act of sodomy" is guilty of aggravated child molestation. OCGA § 16-6-4 (d) (1) provides that one who is convicted of aggravated child molestation is to be sentenced to not less than ten nor more than thirty years in prison, and that such a sentence is subject to the mandatory sentencing provisions of OCGA § 17-10-6.1, which requires that a minimum of ten years be served in prison. Odett was sentenced to twenty-five years for aggravated child molestation, with the first ten years to be served in prison and the remainder on probation, and a concurrent term of twenty years for child molestation, the first ten years of which is to be served in prison and the remainder on probation.

Odett contends that oral sodomy, the act proved here, is less intrusive to the victim than intercourse, and therefore should not be treated any differently in child molestation cases. There is no legal or factual support for such an argument. *Powell* did not hold that the right to privacy protects sodomy generally. See *Howard v. State*, 272 Ga. 242, 243 (1) (527 SE2d 194) (2000). Odett's sexual conduct with a minor is not protected by any privacy right. *Phagan v. State*, 268 Ga. 272, 273 (1) (486 SE2d 876) (1997). As the statute at issue does not affect a fundamental right or a suspect class, to survive Odett's constitutional challenge it "need only bear a rational relationship to some legitimate state purpose." *Barnett v. State*, 270 Ga. 472 (510 SE2d 527) (1999).

The State's "interest in safeguarding the physical and psychological well-being of a minor is compelling and beyond the need for elaboration." (Citations and punctuation omitted.) *Phagan*, supra at 274 (1). As this Court noted in *Powell*, "many believe that acts of sodomy . . . are morally reprehensible." *Powell*, supra at 335. Because the General Assembly could reasonably conclude that the psychological well-being of minors is more damaged by acts of sodomy than by acts of intercourse, and that such acts warrant a greater punishment for child molestation by sodomy, Odett's statutory challenge has no merit.

*Judgments affirmed. All the Justices concur, except Sears, J., who concurs specially.*

SEARS, Justice, concurring specially.

I fully concur with the majority's ruling that appellant's sexual conduct with a minor in this case is not protected by any privacy interest, and with the affirmance of appellant's conviction.

I write separately, however, to address the majority's misleading statement that this Court's decision in *Powell v. State*[1] "did not hold that the right to privacy protects sodomy generally."[2] In *Powell*, this Court ruled that the state statute criminalizing sodomy (OCGA § 16-6-2 (a)) manifestly infringed upon the privacy rights of Georgia's citizens, and thus must be struck down.[3] In so ruling, this Court recognized that, as a general proposition, the sexual act of sodomy is protected by the constitutional right of privacy.[4] Of course, there will be instances where the right of privacy will not protect a sexual act — even if that act, like sodomy or intercourse, is generally protected. *Powell* held that the right to privacy does not protect any sex act "taking place in public, performed with those legally incapable of giving consent, performed in exchange for money, or performed with force and against the will of a participant."[5] Thus, a sex act that is normally protected conduct — such as intercourse or sodomy — can be punishable as a separate crime if it is performed in public, by force, against a minor, etc. In those situations, a perpetrator is subject to prosecution under laws prohibiting crimes such as child molestation,[6] aggravated child molestation (as exists in this case),[7] aggravated sodomy,[8] public indecency,[9] aggravated assault,[10] and the

---

[1] 270 Ga. 327 (510 SE2d 18) (1998).
[2] Op. at 354.
[3] 270 Ga. at 336.
[4] See 270 Ga. at 332.
[5] 270 Ga. at 333.
[6] OCGA § 16-6-4 (a).
[7] OCGA § 16-6-4 (c).
[8] OCGA § 16-6-2 (b).

sexual battery of detained individuals.[11] No constitutional right of privacy attaches to these crimes, even though the sex act itself, if done in private between consenting adults, would be constitutionally protected.

Generally speaking, then, absent the type of aggravating circumstances discussed above, Georgia's adult citizens' right to privacy shields them from State intrusion into their private, non-commercial, consensual sexual conduct. Nothing in the majority opinion should be construed to hold otherwise.

DECIDED JANUARY 22, 2001.

*Rodney L. Mathis*, for appellant.

*T. Joseph Campbell, District Attorney, Rebecca B. Paris, Assistant District Attorney*, for appellee.