A02A0731. KNOX v. THE STATE.
(564 SE2d 225)

MILLER, Judge.

A jury convicted Ricky N. Knox of aggravated assault. Following the denial of his motion for new trial, Knox filed this appeal. Asserting only the general grounds, Knox claims that the trial court erred in refusing to grant him a new trial. We disagree and affirm.

On appeal, the evidence presented at trial must be considered in the light most favorable to the verdict, and Knox no longer enjoys the

presumption of his innocence. *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998). The evidence, when so viewed, showed that during a cookout, Knox, who was consuming alcoholic beverages, became increasingly intoxicated as the day wore on. At about 10:30 that same evening, a sheriff's deputy stopped his cruiser outside in the yard. As the victim was about to leave, she and Knox became embroiled in an argument. She testified that Knox was upset because she had given a beer to a person whom Knox did not want to be there and because she was conversing with a man by the name of "Coolie." She surmised that Knox mistakenly believed that she and Coolie were talking about him. Despite her denials that he was the subject of their conversation, Knox grew increasingly angry. When Knox slapped her, the victim testified that she then jumped on him. Still in his wheelchair, Knox then grabbed a milk crate and struck her in the face. The impact of the milk crate broke the victim's nose and lacerated her face. Her injuries required repeated medical treatment to alleviate breathing problems. The deputy witnessed the altercation, rendered aid, and summoned emergency medical assistance to the scene.

Knox testified on his own behalf and claimed that the victim had slapped him first then grabbed his shirt. Knox denied hitting her and claimed that only after she grabbed him did he then shove her away to get her off of him. While Knox denied hitting the victim with the milk crate, he did admit shoving the crate into her face after she had jumped across the ramp and tried to grab him. The jury found Knox guilty of aggravated assault.

In his sole enumeration of error, Knox contends that the verdict is contrary to the law, contrary to the evidence, and strongly against the weight of the evidence. Knox argues that since he is paralyzed and confined to a wheelchair and "the alleged victim" was fully mobile, she was "able to inflict much greater harm to Defendant than he could inflict upon her." He claims that since the victim admitted to "jumping on" him, the "more credible version of the facts" is that he acted defensively.

When the general grounds are asserted, as here, only the sufficiency of the evidence can be considered. *Yawn v. State*, 237 Ga. App. 206 (515 SE2d 182) (1999). A person commits the crime of aggravated assault by committing an assault with a deadly weapon or with any object, device, or instrument, which when used offensively against another person, is likely to result in serious bodily injury. *McLeod v. State*, 245 Ga. App. 668, 669 (3) (538 SE2d 759) (2000); see OCGA § 16-5-21 (a) (2). The question of whether an object or instrument that was used against someone constitutes a deadly or offensive weapon is properly for a jury to decide. *Spaulding v. State*, 185 Ga. App. 812, 813 (1) (366 SE2d 174) (1988).

Here, the evidence shows that Knox grabbed a milk crate and used it offensively against another person and that the crate when so used was likely to or did inflict serious bodily harm. See *McLeod*, supra. This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), for the jury to find all the essential elements of aggravated assault. See *Cline v. State*, 199 Ga. App. 532, 534 (2) (405 SE2d 524) (1991).

Although Knox seeks to portray the victim as the aggressor, it was the jury's duty to resolve any conflicts in the evidence and to assess and determine the credibility of the witnesses. *Palmore v. State*, 264 Ga. 108 (441 SE2d 405) (1994). Obviously, the jury in this case opted to believe the victim and the deputy sheriff and apparently resolved any conflicts in the testimony adversely to Knox. See *Norris v. State*, 227 Ga. App. 616, 619 (4) (489 SE2d 875) (1997).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 11, 2002.

*Samuel G. Oliver*, for appellant.

*J. Thomas Durden, Jr., District Attorney, James S. Archer, Assistant District Attorney*, for appellee.