## A02A1108. DAVID v. THE STATE.
(583 SE2d 135)

ANDREWS, Presiding Judge.

Joseph Kelly David appeals from the trial court's order denying his motion to withdraw his guilty plea to the offense of first degree homicide by vehicle and denying his motion in arrest of judgment attacking the validity of the indictment. For the following reasons, we affirm.

1. David pleaded guilty to the offense of homicide by vehicle in the first degree as set forth in OCGA § 40-6-393 (a) based on an indictment alleging that he drove a vehicle under the influence of alcohol in violation of OCGA § 40-6-391, thereby causing the death of a passenger in the vehicle when he lost control and the vehicle overturned. He claims the trial court should have granted his motion to withdraw the guilty plea, filed after sentence was pronounced, because he did not knowingly and voluntarily enter the plea due to ineffective assistance from the attorney who represented him on the guilty plea.

The two-prong test established in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to address claims that trial counsel was ineffective also applies to claims that a guilty plea attorney was ineffective. *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985). Accordingly, David was required to show that his counsel's performance was deficient and that, but for the deficiency, there was a reasonable probability he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U. S. at 59; *Williams v. Duffy*, 270 Ga. 580, 581 (513 SE2d 212) (1999). In addressing claims that counsel's performance was deficient, a court must determine whether counsel's advice was reasonable under the circumstances, and must apply the strong presumption that counsel's conduct fell within the wide range of reasonable professional conduct and that all of counsel's significant decisions were made in the exercise of reasonable professional judgment. *Williams*, 270 Ga. at 581; *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). The trial court's determination that a defendant was afforded effective assis-

tance of counsel must be upheld on appeal unless clearly erroneous. *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994).

David pleaded guilty under an agreement with the prosecutor that he would not be sentenced to more than seven years to serve, and after a presentence investigation, the trial court imposed a sentence of six years to serve. At the hearing on the motion to withdraw, David claimed his defense counsel failed to explain the plea agreement, promised him that he would not receive a sentence in excess of five years to serve, misled him into believing he could receive only probation, and misrepresented his eligibility for parole. David claimed that, if he had been told he could receive more than five years to serve, he would have insisted on going to trial. David also claimed he told defense counsel from the start that he did not want to plead guilty and wanted to go to trial on the charges. Defense counsel testified that, although he expressed hope that David would receive a sentence not exceeding five years to serve, he explained to David that he could receive a sentence of up to seven years to serve under the plea agreement, that he made no promises to David with respect to the sentence he would receive, and that he informed David of the applicable parole guidelines. He also testified that David consistently said he wanted to accept responsibility for the death of his passenger and plead guilty. The trial court, which acted as the finder of fact, accepted defense counsel's testimony and concluded that defense counsel made no guarantees regarding sentencing, and that David was aware he could receive a sentence of up to seven years to serve. *Boyd v. State*, 275 Ga. 772, 776 (573 SE2d 52) (2002).

David further contends that, despite his desire to go to trial, defense counsel was unprepared for trial because he failed to properly investigate the case, preserve evidence, and hire an expert and file motions to challenge the State's evidence regarding his alleged blood alcohol level. Defense counsel testified that he met with David on numerous occasions to discuss the case, visited the accident scene, gathered evidence including lab and police reports showing David's blood alcohol level, and interviewed David and his wife, who was with David prior to and at the scene of the accident, to confirm there was evidence David had been consuming alcohol prior to the accident. Defense counsel also testified he discussed with David that the State indicted him on two alternative counts of vehicular homicide alleging he caused the death by operating the vehicle in violation of OCGA § 40-6-391 with a blood alcohol level in excess of statutory limits (Count 1), and by operating the vehicle under the influence of alcohol to the extent that it was less safe for him to drive (Count 2). Defense counsel testified that he explained to David that the State was not required to prove he had a specific blood alcohol level under Count 2.

The evidence showed that defense counsel adequately evaluated the merits of the case so that he was able to advise David of his options and the consequences of pleading guilty. *Thompson v. State*, 208 Ga. App. 825, 826 (432 SE2d 250) (1993). "When a person indicates a desire to enter a guilty plea, the duty of counsel is limited to ascertaining whether the decision so to plead is voluntarily and knowingly made." (Citation and punctuation omitted.) *Walker v. Hopper*, 234 Ga. 123, 125 (214 SE2d 553) (1975). The record contains evidence showing David's desire to plead guilty and supporting the trial court's conclusion that defense counsel satisfied this standard.

We find no clear error in the trial court's determination that defense counsel's performance was not deficient and that there was no basis for David's claim that ineffective assistance of counsel prevented him from entering a knowing and voluntary guilty plea. *Hill*, 474 U. S. at 59; *Williams*, 214 Ga. App. at 106. The record of the plea hearing shows that David voluntarily and knowingly pleaded guilty to Count 1 of the indictment with an understanding of the nature of the charges and the consequences of his plea.[1] *Green v. State*, 265 Ga. 263 (454 SE2d 466) (1995). Accordingly, we find no abuse of discretion in the trial court's denial of the motion to withdraw the guilty plea. *Thomas v. State*, 234 Ga. App. 652, 653 (507 SE2d 523) (1998).

2. David contends the trial court should have granted his motion in arrest of judgment by which he contended that the allegation in the indictment that he violated OCGA § 40-6-391 (k) (1) cannot serve as the statutory predicate for the charged offense of first degree vehicular homicide.

David pleaded guilty to the offense of vehicular homicide as set forth in OCGA § 40-6-393 (a), which provides in relevant part that:

> Any person who, without malice aforethought, causes the death of another person through the violation of . . . Code Section . . . 40-6-391 . . . commits the offense of homicide by vehicle in the first degree.

Based on evidence that David was 17 years of age at the time he drove the vehicle in the accident and that his blood alcohol level was measured at 0.08 grams after the accident, the State charged that the statutory predicate for the offense of vehicular homicide was violation of subsection (k) (1) of section 40-6-391, which provides that:

> A person under the age of 21 shall not drive or be in actual physical control of any moving vehicle while the person's

---

[1] The State entered a nolle prosequi on Count 2 of the indictment alleging operation of the vehicle under the influence of alcohol to the extent that it was "less safe."

alcohol concentration is 0.02 grams or more at any time within three hours after such driving or being in physical control from alcohol consumed before such driving or being in actual physical control ended.

Accordingly, the indictment alleged that David committed first degree vehicular homicide when he caused the death of a passenger in the vehicle he was driving through the violation of OCGA § 40-6-391 (k) (1). Specifically, the indictment alleged that David lost control of and overturned the vehicle, thereby causing the passenger's death, and that he was under the age of 21 and had an alcohol concentration of 0.02 grams or more within three hours after such driving from alcohol consumed before such driving ended.

Contrary to David's contention, violation of OCGA § 40-6-391 (k) (1) was a valid statutory predicate for first degree vehicular homicide. The indictment properly set forth all the essential elements of the offense including the causation element alleging that David's violation of OCGA § 40-6-391 (k) (1) was the cause of the passenger's death. *Hood v. State*, 193 Ga. App. 701, 702 (389 SE2d 264) (1989); *Smith v. Hardrick*, 266 Ga. 54-55 (464 SE2d 198) (1995). The essential element of causation was not missing simply because the alleged OCGA § 40-6-391 (k) (1) predicate offense was a per se violation of driving with an alcohol concentration of 0.02 or more. The State was still required to prove that David had an alcohol concentration in violation of the statute that was "the legal or proximate cause, as well as the cause in fact, of the death." (Citation and punctuation omitted.) *Pitts v. State*, 253 Ga. App. 373, 374 (559 SE2d 106) (2002); *Cox v. State*, 243 Ga. App. 668 (533 SE2d 435) (2000).

David contends that violation of OCGA § 40-6-391 (k) (1) with an alcohol concentration of 0.02 or more was not a viable statutory predicate for the additional reason that the version of OCGA § 40-6-392 (b) (1) in effect at the time of the August 1999 offense at issue provided that it shall be presumed persons with an alcohol concentration of 0.05 are not under the influence of alcohol. However, this version of OCGA § 40-6-392 (b) also specifically provided that the presumption did not apply to a charge that a person under the age of 21 violated OCGA § 40-6-391 (k) (1) with an alcohol concentration of 0.02 or more.

Finally, we find no merit in David's contention that violation of subsection (k) (1) of OCGA § 40-6-391 was not intended by the legislature to serve as a statutory predicate for vehicular homicide because enactment of the vehicular homicide statute predated enactment of subsection (k) (1). When the legislature enacted subsection (k) (1), it was presumed to do so with knowledge of the existing provi-

sions of the vehicular homicide statute and with reference to it. *Dudley v. State*, 273 Ga. 466, 468 (542 SE2d 99) (2001).

3. David claims the trial court erred by denying his motion in arrest of judgment in which he argued that his conviction for vehicular homicide violated his equal protection rights under the State and Federal constitutions.

As it did in August 1999 at the time of the subject vehicular homicide offense, subsection (k) (1) of OCGA § 40-6-391 provides that a person under the age of 21 violates the statute with an alcohol concentration of 0.02 grams or more, while subsection (a) (5) of OCGA § 40-6-391 provided at the time of the subject offense that those 21 years of age or more violated the statute when they attained an alcohol concentration of 0.10 grams or more. David points out that he was age 17 at the time of the accident and was charged under OCGA § 40-6-393 (a) with first degree vehicular homicide based on the predicate offense of having an alcohol concentration of 0.02 grams or more under subsection (k) (1) of OCGA § 40-6-391. He further shows that OCGA § 40-6-393 (a) did not subject a similarly situated driver 21 years or older with the same or higher alcohol concentration to the charge of first degree vehicular homicide. Instead, a driver 21 years or older in David's place would not have been subject to the same first degree vehicular homicide charge under OCGA § 40-6-393 (a) until his alcohol concentration was 0.10 grams or higher under the predicate offense set forth in former subsection (a) (5) of OCGA § 40-6-391. Accordingly, David contends the indictment was void because the first degree vehicular homicide statute in OCGA § 40-6-393 (a), as applied to him, unconstitutionally violated his equal protection rights under the State and Federal constitutions.

Because the constitutionality of a statute is an issue falling within the exclusive jurisdiction of the Supreme Court of Georgia (Ga. Const. of 1983, Art. VI, Sec. VI, Par. II), we transferred this case to the Supreme Court for consideration of the constitutional challenge while pointing out in the transfer order that the Supreme Court had previously decided an analogous constitutional challenge in *Barnett v. State*, 270 Ga. 472 (510 SE2d 527) (1999), dealing with the constitutionality of OCGA § 40-6-391. In *Barnett* the Supreme Court ruled that setting more stringent alcohol concentration standards in OCGA § 40-6-391 for drivers under 21 years of age does not violate the constitutional equal protection rights of those drivers convicted of driving under the influence at lesser alcohol concentration levels than those applicable to drivers 21 years or over.

The Supreme Court considered our transfer order and returned the case to this Court with the following order: "Because the constitutional challenge raised has been previously addressed by this Court, this case is hereby returned to the Court of Appeals."

We conclude the Supreme Court declined to exercise jurisdiction to consider the constitutional challenge raised by David because it concluded the challenge had been previously considered and rejected by its decision in *Barnett. Williams v. State*, 273 Ga. 848 (546 SE2d 522) (2001). Accordingly, we find that David's conviction for first degree vehicular homicide under OCGA § 40-6-393 (a) did not violate his equal protection rights under the State or Federal constitutions, even though under the same circumstances and alcohol concentration a driver 21 years of age or older would not have been subject to the same vehicular homicide conviction. *Barnett*, 270 Ga. at 472-473; *Firsanov v. State*, 270 Ga. 873, 874-875 (513 SE2d 184) (1999).

As the Supreme Court held in *Barnett* on an analogous equal protection challenge, if the statute at issue does not operate to disadvantage a suspect class or interfere with a fundamental right, it need only bear a rational relationship to a legitimate state purpose. *Barnett*, 270 Ga. at 472. The disparate treatment under OCGA § 40-6-393 (a) is that the statute allows the lower alcohol concentration applicable in OCGA § 40-6-391 (k) (1) to drivers under 21 years to operate as a predicate offense for vehicular homicide. Since a person's age does not place him within a suspect class, and driving a vehicle under the influence of any amount of alcohol is not a fundamental right, the issue is whether the disparate treatment bears a rational relationship to a legitimate state purpose. Id. at 472. We find the legislature had a legitimate purpose for enacting the scheme of disparate treatment under OCGA § 40-6-393 (a). The legislature could rationally conclude that drivers under age 21 are inexperienced in driving and in judging the effects of alcohol on driving ability, and therefore pose a greater threat of causing deadly vehicular accidents at lower alcohol levels than more experienced drivers age 21 or over. The disparate treatment discourages drivers under age 21 from driving after consumption of any alcohol (see OCGA § 3-3-23) and thereby reduces loss of life caused by alcohol-related vehicular accidents. It follows that OCGA § 40-6-393 (a) did not violate David's equal protection rights under the State or Federal constitutions.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED MAY 15, 2003 —
RECONSIDERATION DENIED JUNE 4, 2003 — 

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Daniel J. Porter, District Attorney, Shampa Banerji, Assistant District Attorney*, for appellee.