A09A0772. COBBLE v. THE STATE.
(677 SE2d 439)

MILLER, Chief Judge.

A jury convicted inmate Daniel Eric Cobble of two counts of felony obstruction of a law enforcement officer (OCGA § 16-10-24). By 39 enumerations of error, Cobble appeals from the trial court's order denying his motion for new trial, as amended, challenging the sufficiency of the evidence, the admission of evidence of his prior convictions and prison disciplinary history not objected to at trial, and the effectiveness of trial counsel for failure to object to the admissibility of evidence as set out above. Cobble also raises a number of other issues not supported by reference to the record, citation of authority, or reasoned argument. Given the foregoing, only Cobble's claims of insufficient evidence and ineffective assistance have been preserved for appellate review. See *Capps v. State*, 273 Ga. App. 696, 697 (1) (615 SE2d 821) (2005) (absent an objection to evidence when it is offered, objection is waived); Court of Appeals Rule 25 (c) (2) (enumeration of error unsupported by reference to record or transcript, citation of authority, or argument may be deemed abandoned). Discerning no error as to the sufficiency of the evidence and the effectiveness of trial counsel, we affirm.

1. Represented by new counsel on appeal and arguing the general grounds, Cobble contends that the evidence supporting his convictions of felony obstruction of a law enforcement officer is insufficient.

"When the general grounds are asserted, as here, only the sufficiency of the evidence can be considered. [Cit.]" *Boone v. State*, 293 Ga. App. 654, 656 (1) (667 SE2d 880) (2008). In that regard,

> we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or assess witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations omitted.) *Davis v. State*, 272 Ga. App. 33 (611 SE2d 710) (2005). So viewed, the evidence shows that Cobble, an inmate at Wilcox State Prison, was brought before a prison disciplinary report hearing officer on May 3, 2004 for "[f]ailure to follow instructions by not shutting up." Unhappy with the sanctions he received, Cobble became loud and agitated. As a result, two officers were instructed to remove him from the hearing room and place him in a nearby holding cell. In doing so, the officers placed their hands on Cobble's arms and led him away, but Cobble resisted by pulling from side to side, and then resisted being placed in the holding cell by repeatedly kicking the officers, causing them to wrestle him to the floor to subdue him. In testimony given on his own behalf, Cobble denied kicking the officers and stated that he had acted in self-defense after being hit in the back of the head.

OCGA § 16-10-24 (b) provides that a person who

> knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony. . . .

A single witness' testimony is generally sufficient to establish a fact. OCGA § 24-4-8. Cobble's testimony to the contrary notwithstanding, the evidence was sufficient to enable the jury to find him guilty of the charged offenses beyond a reasonable doubt. *Davis*, supra, 272 Ga. App. at 34.

2. Cobble also claims that his trial counsel was ineffective because, on direct examination, he introduced evidence of a prior conviction by asking Cobble to explain the reason for his incarceration and subsequently failed to object when the State introduced evidence of Cobble's prior convictions and prison disciplinary infractions. We disagree.

To show ineffective assistance of trial counsel, Cobble "has the burden to demonstrate that trial counsel's performance was deficient and that, but for that deficient performance, it is reasonably probable that the result of the trial would have been different."

(Citation and punctuation omitted.) *Johnson v. State*, 275 Ga. App. 21, 25 (7) (619 SE2d 731) (2005).

At the motion for new trial hearing, trial counsel testified that he believed that it best served Cobble's interests before the jury if Cobble testified on direct examination as to the basis for his incarceration rather than having to do so on cross-examination. This was a proper trial strategy. See *Crawford v. State*, 252 Ga. App. 722, 725 (3) (556 SE2d 888) (2001) (trial counsel's decision to introduce defendant's prior convictions during defendant's direct examination was reasonable where counsel testified that his strategy was to establish that defendant willingly admitted his past mistakes and did not try to conceal his past from the jury).

Further, we find that Cobble was properly cross-examined concerning his disciplinary record while in prison because, on direct, he denied any previous incident like the one that resulted in the disciplinary report hearing at issue. *Frazier v. State*, 263 Ga. App. 12, 14 (2) (587 SE2d 173) (2003) (scope of cross-examination is within the discretion of the trial court, and absent abuse thereof, will not be disturbed on appeal); see also *Johnson v. State*, 281 Ga. 229, 231-232 (3) (637 SE2d 393) (2006) (failure to make a meritless objection does not constitute ineffective assistance of counsel).

Because the trial court's finding that Cobble received effective assistance of counsel was not clearly erroneous, it must be affirmed. *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 9, 2009.

*David E. Morgan III*, for appellant.
*Denise D. Fachini, District Attorney, Matthew P. Brown, Assistant District Attorney*, for appellee.

