A09A0693. McBRIDE v. THE STATE.

(677 SE2d 438)

MILLER, Chief Judge.

A jury convicted Rafeal J. McBride of sale of cocaine in violation of OCGA § 16-13-30 (b). He appeals from the denial of his motion for new trial upon the general grounds, by a single claim of error, challenging a photograph used to identify him prior to his arrest as unduly suggestive. Discerning no error, we affirm.

When the general grounds are asserted, as here, only the sufficiency of the evidence is at issue on review. *Knox v. State*, 254 Ga. App. 870, 871 (564 SE2d 225) (2002). In that regard,

> we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or assess witness credibility, but merely determine whether the evidence [is] sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations omitted.) *Davis v. State*, 272 Ga. App. 33 (611 SE2d 710) (2005); see also *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000) (questions of law reviewed for plain legal error alone without deference owed to the trial court's ruling).

So viewed, the evidence shows that in the spring of 2003, Georgia Bureau of Investigation ("GBI") agents Jennifer Jones and Jill Blackman conducted an undercover operation targeting street level dealers in illegal drugs. On May 28, 2003, the agents approached Tammy Nichols and asked for an amount of crack cocaine. Nichols replied that she had no drugs on hand, but agreed to take the agents to an individual from whom Blackman purchased a quantity of cocaine in a one-on-one encounter, witnessed by Jones, which occurred at 4:49 p.m. Jones and Blackman videotaped the man who sold the cocaine to Blackman shortly thereafter on a nearby street. Shown a single photograph of McBride in August 2003, Agent Blackman confirmed that McBride was the man who sold her cocaine after comparing the photograph with the videotape recording made of him as the seller. When the GBI terminated the undercover operation in January 2004, McBride was taken into custody. Agents Jones and Blackman later positively identified McBride at trial as the perpetrator.

McBride challenges the sufficiency of the evidence, arguing that the use of the single photograph at issue was impermissibly suggestive, tainting the in-court identifications. We disagree.

Even if the original identification from a single photograph was inherently suggestive, "the evidence should be suppressed only if a substantial likelihood of irreparable misidentification exists." (Footnote omitted.) *Treadwell v. State*, 272 Ga. App. 508, 511 (3) (613 SE2d 3) (2005); *Cray v. State*, 291 Ga. App. 609, 612 (2) (662 SE2d 365) (2008). We find it highly unlikely that McBride was misidentified. The

> [f]actors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

(Footnote omitted.) *Lenon v. State*, 290 Ga. App. 626, 630 (3) (660 SE2d 16) (2008).

Here, there was evidence that Agents Jones and Blackman had ample opportunity to observe McBride during the drug transaction. The transaction took place during daylight; Blackman dealt with McBride on a face-to-face basis; Jones observed the transaction standing next to Blackman; both agents were able to describe McBride by the clothes he was wearing on the day of the transaction; the agents videotaped him immediately after the transaction as the

perpetrator; and they identified McBride with certainty at trial. Under these circumstances, the identification evidence was reliable, and the trial court's admission of such was not clearly erroneous. *Lenon*, supra, 290 Ga. App. at 630 (3).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 9, 2009.

*Peter D. Johnson*, for appellant.

*Rebecca A. Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.