## A11A0865. CLARK v. THE STATE.
## A11A0866. FLOURNOY v. THE STATE.
(714 SE2d 736)

MIKELL, Judge.

Donrico Marquez Clark and Anwar Akeem Flournoy were tried together and found guilty by a jury of aggravated assault with intent to rob and possession of a firearm during the commission of a crime. They were both acquitted of armed robbery.[1] Clark, in Case No. A11A0865, and Flournoy, in Case No. A11A0866, appeal their convictions and the denial of their motions for new trial, challenging the sufficiency of the evidence. Because the charges arose from the same set of facts and because Clark and Flournoy were jointly indicted and tried, we have consolidated their separate appeals for disposition in this single opinion. Finding no error, we affirm in both cases.

Clark and Flournoy each raise the same enumerations of error, asserting that the jury verdict was contrary to the evidence and that the state failed to prove guilt beyond a reasonable doubt. "When the general grounds are asserted, as here, only the sufficiency of the evidence can be considered,"[2] and we apply the following standard of review:

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses,[3]

and we determine only if the evidence adduced at trial was sufficient

---

[1] Clark was also indicted for possession of a firearm by a convicted felon. This count, which was not presented to the jury at trial, was dead-docketed after the trial.

[2] (Citation omitted.) *Knox v. State*, 254 Ga. App. 870, 871 (564 SE2d 225) (2002). Accord *Cobble v. State*, 297 Ga. App. 423 (1) (677 SE2d 439) (2009).

[3] (Footnote omitted.) *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002). Accord *Daniels v. State*, 306 Ga. App. 577, 578 (703 SE2d 41) (2010).

for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt.[4] Moreover,

> conflicts in the testimony of witnesses, including the [s]tate's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld.[5]

Properly construed, the record reflects that on July 31, 2009, the victim, Nicinor Ortiz Mejia, was accosted at his mailbox by two individuals, one of whom pointed a gun at the victim's stomach with one hand and with his other hand took "stuff" from the victim's pocket. The other assailant pushed the victim, so that he fell backwards onto a tire filled with concrete, injuring his head. The victim described the weapon held by his assailant in some detail. The state adduced the testimony of several witnesses who testified that while they were driving past the scene, they observed the attack, pulled over, and gave chase to the two attackers. One of these witnesses testified that the assailants were trying to take something out of the victim's pocket; another testified that she saw one of the attackers going through the victim's pockets. The attackers then fled together into nearby woods; and within seconds, four witnesses heard a sound like a gunshot coming from the direction where the attackers entered the woods. Shortly afterward, Clark and Flournoy were arrested after they were discovered hiding in a nearby shed, and the victim identified them as his attackers. At that time, the victim identified Clark as the individual who threatened him with the handgun; at trial, however, the victim testified that it was Flournoy who held the gun during the attack.

Clark did not testify at trial. Flournoy testified and admitted that on July 31, 2009, he and Clark had an altercation with the victim because of an earlier traffic incident; that during this altercation Clark pushed the victim down so that he hit his head; that Flournoy and Clark then "took off running"; and that he and Clark hid together in a shed in the area. Flournoy denied taking anything from Ortiz Mejia and also denied that either he or Clark were in possession of a gun.

Under OCGA § 16-5-20 (a), a person commits the offense of simple assault when he either "(1) [a]ttempts to commit a violent

---

[4] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] (Punctuation omitted.) *Williams v. State*, 287 Ga. 199, 200 (695 SE2d 246) (2010), citing *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

injury to the person of another; or (2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-21 (a) (1) provides that a person commits the felony of aggravated assault if he commits assault "[w]ith intent . . . to rob." Count 2 of the indictment charged Clark and Flournoy with aggravated assault, in that they "did unlawfully . . . assault the person of Nicanor [sic] Ortiz Mejia, with intent to rob [him]." The testimony of multiple witnesses showed that Clark and Flournoy attacked the victim and that one of the assailants pushed the victim down so violently that he suffered injuries to his head. In his testimony, Flournoy corroborated the victim's identification of Clark and Flournoy as his assailants and also corroborated the victim's testimony that the two defendants were acting together. The victim and at least two other witnesses testified that Clark and Flournoy were rifling through the victim's pockets; and the victim testified that during the attack, one of his assailants pointed a firearm at his stomach. The fact that the witnesses' testimony differed in some respects does not provide grounds for reversal of the defendants' convictions. "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[6] The factfinder in this case, the jury, found against the defendants.

Clark and Flournoy argue, without citing authority, that insufficient evidence supports their convictions because the victim was the only witness who saw the weapon and the victim's testimony was conflicting as to which defendant had actual possession of the firearm. This argument is without merit. The testimony of the victim, by itself, is legally sufficient to establish that Clark and Flournoy assaulted the victim with intent to rob and that at least one of the defendants was in possession of a firearm.[7] Under OCGA § 16-11-106 (b), "[a]ny person who shall have on or within arm's reach of his . . . person a firearm . . . during the commission of . . . [a]ny crime against or involving the person of another . . . and which crime is a felony, commits a felony."[8] Because aggravated assault is a felony,[9] the victim's testimony is sufficient to authorize the jury to conclude that the defendants were guilty beyond a reasonable doubt

---

[6] (Citation omitted.) *Odett v. State*, 273 Ga. 353-354 (1) (541 SE2d 29) (2001). Accord *White v. State*, 308 Ga. App. 38, 41 (2) (706 SE2d 570) (2011).

[7] See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact").

[8] OCGA § 16-11-106 (b) (1).

[9] See OCGA §§ 16-1-3 (5) (defining "felony" to include a crime punishable by imprisonment for more than 12 months) and 16-5-21 (b) (aggravated assault punishable by imprisonment for not less than one nor more than twenty years).

of possession of a firearm during the commission of a felony.

Clark and Flournoy point to the conflicting testimony of the victim as to which assailant was in actual possession of the firearm. However, under OCGA § 16-2-20 (a), "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Thus, which of the two defendants actually held the weapon was not material, as long as the jury found that one defendant held the firearm and the two acted in concert.[10]

> [W]here a party has committed [aggravated assault] and possession of a firearm during commission of a felony, an accomplice who is concerned in the commission of those crimes under OCGA § 16-2-20 is likewise guilty of both offenses, notwithstanding the fact that the accomplice did not have actual possession of the firearm.[11]

Therefore, under the standard set forth in *Jackson*,[12] the evidence adduced at trial was sufficient to authorize the jury to find Clark and Flournoy guilty beyond a reasonable doubt of aggravated assault with intent to rob and of possession of a firearm during the commission of a felony.

*Judgments affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED JULY 15, 2011.

*Daniel R. Partain*, for appellants.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

---

[10] See *Tesfaye v. State*, 275 Ga. 439-440 (1) (569 SE2d 849) (2002) (where accomplice carried firearm during robbery, evidence was sufficient to convict defendant of armed robbery and possession of a firearm during the commission of a crime, as a party to the crime under OCGA § 16-2-20).

[11] (Citation omitted.) *Howze v. State*, 201 Ga. App. 96, 97 (410 SE2d 323) (1991). Accord *Johnson v. State*, 299 Ga. App. 706, 710 (1) (d) (683 SE2d 659) (2009).

[12] Supra.