# Court of Appeals
# of the State of Georgia

ATLANTA,  October 19, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0412.  DANIEL ERIC COBBLE v. THE STATE.**

In 2015, Daniel Eric Cobble was convicted of two counts of felony obstruction of a law enforcement officer.  Following the denial of his motion for new trial, Cobble appealed, and we affirmed his convictions. *Cobble v. State*, 297 Ga. App. 423 (677 SE2d 439) (2009).  After the remittitur issued, Cobble filed an extraordinary motion for new trial, which the trial court denied.  Cobble appealed that order, and we affirmed in an unpublished opinion.  See *Cobble v. State*, Case No. A13A2347, decided January 6, 2014.[1]  Cobble later filed a motion to vacate his convictions, which the trial court also denied.  We dismissed his appeal therefrom for lack of jurisdiction. See Case No. A15A1344, dismissed May 1, 2015.  Cobble filed another direct appeal from the trial court's dismissal of his second extraordinary motion for new trial.  We also dismissed that appeal for lack of jurisdiction.  See Case No. A17A0355, dismissed October 20, 2016.  Most recently, Cobble filed 14 additional pro se motions, seeking a variety of forms of relief.  The trial court denied the motions, finding that they showed a complete absence of any justiciable issue of law or fact.  Cobble appeals.  Again, we lack jurisdiction.

As this Court has previously noted, because Cobble previously filed an extraordinary motion for a new trial, the trial court lacked jurisdiction to consider any further extraordinary motions for a new trial.  See OCGA § 5-5-41 (b); *Richards v. State*, 275 Ga. 190, 191, n. 1 (563 SE2d 856) (2002).  To the extent Cobble seeks to

---

[1] Cobble also filed an application for discretionary appeal from the trial court order, which this Court granted.  Case No. A13D0484, decided August 9, 2013.

challenge his convictions, a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Thus, Cobble is not authorized to collaterally attack his convictions in this manner, and any appeal on this ground must be dismissed. See id.; see also *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) (overruling *Chester v. State*, 284 Ga. 162, 162-163 (2) (664 SE2d 220) (2008)); *Matherlee v. State*, 303 Ga. App. 765 (694 SE2d 665) (2010). Finally, to the extent Cobble seeks to challenge his sentence, he has not raised a valid void sentence argument. As this Court lacks jurisdiction to grant Cobble the forms of relief sought in his various motions, Cobble's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,  10/19/2018*
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*